IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TANYCIA L. BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-00379-G-BT |
| | § | |
| DENIS R. MCDONOUGH, | § | |
| Secretary, U.S. Department of | § | |
| Veterans Affairs, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Secretary Denis McDonough moves for summary judgment in this civil action brought by Plaintiff Tanycia Baker arising out of her employment with the Department of Veterans Affairs (VA). As explained below, the District Judge should **GRANT** Defendant's Motion for Summary Judgment (ECF No. 37), **DISMISS** with prejudice Plaintiff's sex discrimination, retaliatory hostile work environment, and retaliation claims, and set Plaintiff's remaining claims—if any—for jury trial.[1]

---

[1] It is unclear whether Plaintiff, who is now represented by counsel, has abandoned the other claims asserted in her *pro se* complaint. *See* Pl.'s Resp. at 1 (ECF No. 40-1) (explaining "[t]his case is based on sexual harassment and hostile work environment faced by Plaintiff[.]"). *See Shed v. Amazon*, 2022 WL 4389716, at *2 (N.D. Tex. July 5, 2022) (Rutherford, J.) ("It is well established in this Circuit that "[w]hen a plaintiff fails to defend a claim in response to . . . a summary judgment motion, the claim is deemed abandoned."), *adopted by* 2022 WL 4390444 (N.D. Tex. Sept. 21, 2022) (Brown, J.). The undersigned attempted to clarify the nature of Plaintiff's claims and the scope of Defendant's Motion at a hearing, *see* ECF No.

1

### *Background*

Baker worked as a Medical Support Assistant for the VA's North Texas Healthcare System in Dallas, Texas, from August 2020 until May 2023. After taking a month of leave in early 2021, she returned to work and found herself at odds with her co-workers, including Medical Support Assistant Team Lead Alvin Williams. *See* Def.'s App. at 45–48 (ECF No. 39-1).

At the end of February, Baker emailed her supervisor Joseph Washington to report that she felt Williams "had a personal vendetta against [her] because [she has] really showed no interest in [Williams]" on a "personal level." *Id.* at 46 (ECF No. 39-1). Baker also complained about a fellow female employee and stated that the workplace was a hostile work environment that made her feel uncomfortable. *Id.* at 46–47. In response, Washington conducted a team meeting on "Conduct, Interpersonal Relations, Breaks & Rotating in Clinics." *Id.* at 49.

The friction continued into April, when Baker instant messaged Washington about Williams, stating that she was tired of the "pettiness" and "[n]o matter what [she does] it's an issue[.]" *Id.* at 80. Baker also submitted a formal Report of Contact (ROC) concerning Williams, stating that Williams made the workplace "a very uncomfortable work environment and very hostile." *Id.* at 86. Baker later messaged Washington that she could provide a "witness" for how Williams allegedly treated her. *Id.* at 84. In response to these messages, Washington

_____

42, but counsel were unavailable, *see* ECF No. 43. Accordingly, the recommendation is limited to the arguments raised in the VA's motion.

informed Baker that he would address her concerns and directed Baker to "write up the concerns you have/had and the interactions that occurred that has made the environment uncomfortable with." *Id.*

On June 1, Williams filed his own ROC about Baker, accusing Baker of being dishonest about her work hours and leave. *Id.* at 97. Baker also complained about Williams's comments on her time and attendance. *Id.* at 98. Baker requested that she be "transferred from under . . . Williams," stating that he "attempt[ed] to belittle" her and reiterating that Williams had a "personal vendetta" against her. *Id.* Washington scheduled a meeting to address both employees' concerns. *Id.* at 319–320 (ECF No. 39-3). At the end of the meeting, Washington thanked Baker and Williams for attending the meeting and hoped that they had "come to common ground with any concerns[.]" *Id.* at 320.

But on June 21, Baker completed a ROC that she did not want to work alone with Williams due to an alleged incident on June 17 where Williams asked Baker about her breasts and grabbed her behind while stating "everyone wants a piece they just afraid [Baker] would tell." *Id.* at 99 (ECF No. 39-1). And on July 6, Baker completed a ROC that Williams told her to, "stand up and show me something" in a "seductive manner." *Id.* at 100. Baker also reported she told Williams that "he needs to watch how he talks and touches [Baker] because he is going [too] far with his sexual advances." *Id.* Washington maintains that he did not receive either the June 17 or the July 6 ROCs. *Id.*, Decl. of Joseph Washington, at 3, ¶¶ 11, 14.

3

On or about July 20, 2021, Baker took leave to cope with stress from the assault and the alleged lack of support from management. Def.'s Br. at 7 (ECF No. 38). On July 28, Baker contacted a VA Equal Employment Opportunity (EEO) counselor; and on October 1, she filed a formal EEO complaint alleging sex discrimination and retaliation.[2] *Id.* at 7, 13. The EEO assigned an investigator to look into her claims. *See* Def.'s App. at 127–36 (ECF No. 39-2). And while the investigator credited Baker's allegations and concluded that "there seems to be some harassment and hostile work environment issues that need [to be] addressed," the investigator found no independent evidence to substantiate the claim or Baker's other allegations. *Id.* Based on the investigator's report, Williams completed harassment training courses and accepted a relocation to another department. Def.'s Br. at 10 (ECF No. 38).

Along with the EEO's investigation, the VA conducted an internal investigation into Baker's allegations of sexual harassment. Def.'s App., Decl. of Cynthia Lohner, at 15, ¶ 6 (ECF No. 39-1). Although the investigation could not verify Baker's allegations, the VA allowed Baker to transfer to another department upon her return to work. *Id.* at 15, ¶ 7; *see also id.* at 126 (memorandum about Baker's request to temporarily relocate).

Still, Baker lodged reports against various supervisors, asserting that she was experiencing many instances of retaliation and harassment. *See id.* at 120–25;

---

[2] The summary judgment evidence reveals that Baker also reported her concerns of retaliation to a union representative. *See* Def.'s App. at 91, 96 (ECF No. 39-1).

*id.* at 215, 232, 235, 271–72 (ECF No. 39-2). At the core of Baker's complaints, she felt as though her supervisors and other members of the VA were "friends" with Williams and were retaliating against her for her complaints of sexual harassment. *See* Compl. at 2 (ECF No. 3) (referencing Williams's "tenor within the VA Dallas hospital"); Def.'s App. at 122, 123, 215 (stating that Williams is friends with certain supervisors and management) (ECF Nos. 39-1 and 39-2).

Later, Baker voluntarily returned to her former department despite knowing that Williams would be working in the same hospital. *Id.* at 361 (ECF No. 39-3). Baker filed another EEO complaint in August 2022, based on an incident involving Williams where he allegedly "pointed his finger at her, and made a mockery of her." *Id.* at 311. Baker also reported ongoing retaliation and harassment from other supervisors. *Id.* at 310–17.

Baker exhausted her administrative appeals and then—proceeding *pro se*—filed this lawsuit in federal court in February 2024. *See* Def.'s Br. at 13–16 (ECF No. 38) (detailing administrative procedural history); Compl. at 4–23 (ECF No. 3) (providing agency documents). In her original Complaint—which is her live pleading—Baker asserts claims under Title VII, as well as the Rehabilitation Act, the FMLA, and the FLSA. Compl. at 1 (ECF No. 3); *see also* Def.'s Answer at 1, ¶¶ 1, 2 (ECF No. 18) ("Defendant admits that Plaintiff asserts a cause of action under Title VII, Rehabilitation Act of 1973, 29 C.F.R. § 825.126, and 29 U.S.C. § 215(a)(3)."). She alleges she endured "employment discrimination and harassment based upon sex retaliation and/or sexual harassment" and that the VA

5

"[failed] to keep [her] safe" and "[did] not tak[e] [her] concerns seriously." Compl. at 1 (ECF No. 3). She claims she was "sexual[ly] assaulted while being at work and sexually harassed by my superior Team Lead Alvin William[s]." *Id.* Baker alleges that the VA retaliated against her by withholding a performance award, denying her telework request, charging her leave without pay, denying her overtime pay, and failing to promote her to a supervisor position. *Id.* at 2–3. She also alleges that the VA failed to "provide reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability." *Id.* at 1.

The VA moved for summary judgment as to Baker's Title VII claims of sex discrimination, "retaliatory hostile work environment," and retaliation. *See generally* Def.'s Br. (ECF No. 38). Baker, represented by counsel, filed a three-page response, ECF No. 40, arguing that a genuine fact issue precludes summary judgment. The VA replied. The motion is ripe for determination.

### *Legal Standard*

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by showing that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial

burden, the nonmovant must show that summary judgment is improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991) and Fed. R. Civ. P. 56(e)).

All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (quoting *Reid v. State Farm Mut. Auto. Ins.*, 784 F.2d 577, 578 (5th Cir. 1986)). The Court cannot make a credibility determination based on conflicting evidence or competing inferences. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the Court must deny the motion. *Id.* at 250.

### *Analysis*

#### *Baker's Sex Discrimination Claim*

To establish a prima facie case of sex discrimination under a hostile work environment theory, Baker must show (1) she belongs to a protected class, (2) she endured unwelcome sexual harassment; (3) the harassment was based on sex, (4) the harassment affected a term, condition, or privilege of her employment, and (5) the VA knew or should have known of the harassment and failed to take prompt remedial action. *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999); *Woods v.*

*Delta* Bev. *Grp., Inc.*, 274 F.3d 295, 298 (5th Cir. 2001). When the alleged harasser is a supervisor with immediate or higher authority over the harassed employee, the employee need only meet the first four elements of the test. *Watts*, 170 F.3d at 509.

In this case, there is no evidence that Williams, the alleged harasser, was empowered to take tangible employment actions against Baker. *See Rountree v. FedEx Ground Package Sys. Inc.*, 2025 WL 2405210, at *19–20 (N.D. Tex. June 25, 2025) (McKay, J.) (distinguishing between a supervisor and a coworker), *adopted by* 2025 WL 2401328 (N.D. Tex. Aug. 19, 2025) (Godbey, J.). Rather, the uncontroverted summary judgment evidence establishes that Williams "did not have the power to hire or fire or assign work to his team of [Medical Support Assistants]." Def.'s App., Decl. of Joseph Washington, at 2, ¶ 8 (ECF No. 39-1). So while he held the title of "Team Lead," Williams was not Baker's supervisor. *Rountree*, 2025 WL 2405210, at *20 (explaining that leadership responsibilities were not enough to elevate individual into a supervisory role). Thus to survive summary judgment on her sex discrimination claim, Baker must point to evidence sufficient to raise a genuine issue that the VA knew or should have known of the harassment and failed to take prompt remedial action.

But, again, the uncontroverted summary judgment evidence shows that the VA was *unaware* of any sexual harassment until Baker contacted the EEO in July 2021. Def.'s App., Decl. of Joseph Washington, at 2–3, ¶¶ 8–14 (ECF No. 39-1); *id.* Decl. of Cynthia Lohner, at 14, ¶ 5. And once Baker reported sexual harassment to the EEO, the VA promptly opened an investigation, required Williams to complete

harassment training courses, and moved him to a different hospital. *Id.*, Decl. of Cynthia Lohner, at 14–15; Def.'s Br. at 10 (ECF No. 38); *see also Montes-Saavedra v. Charter Commc'ns LLC*, 2018 WL 2244341, at *3 (N.D. Tex. May 16, 2018) (McBryde, J.) (finding that employer took prompt remedial action because the record reflected that the employer "investigated plaintiff's allegations and determined that the allegations . . . were unsubstantiated"). Washington provided sworn testimony that Baker never told or otherwise communicated to him that she was experiencing discrimination or harassment from Williams *based on sex*. Def.'s App., Decl. of Joseph Washington, at 2–3, ¶¶ 9–14 (ECF No. 39-1). Rather, Washington understood that Baker and Williams had "difficulty effectively communicating with one another" and Baker felt Williams was being "unnecessarily demanding and critical" regarding her attendance and her work performance. *Id.* at 2, ¶ 9. Baker did not provide any evidence to rebut this testimony or otherwise show that she reported *sexual harassment* to Washington, or any other supervisor, the VA's Human Resources Department, or the VA police department before July 2021.

In an attempt to create a genuine fact issue, Baker cites three pieces of evidence in the VA's summary judgment appendix. Pl.'s Resp. at 2 (ECF No. 40-1). The first is a sworn statement by her friend and colleague, Darlene Billiard-Lewis. Def.'s App. at 51 (ECF No. 39-1). But this statement supports the VA's position that it was unaware of any alleged harassment *based on sex. See id.* Indeed, Billiard-Lewis states that she never heard any comments that were sexual in nature;

9

although she did witness Williams "harassing" Baker about being absent from work due to illness. *Id.*

The second is a page from the VA's investigator's report, which stated that—despite the absence of any corroborating evidence—the investigator believed Baker's report of an assault and that there was "some [harassment] and hostile work environment issues" between Baker and Williams that needed to be addressed. *Id.* at 130. The investigator made clear that while she believed Baker presented information to her supervisor about feeling harassed and uncomfortable working with Williams, "[t]his information *did not have any specific details about sexual harassment*, but harassment about her work practices and leave." *Id.* (emphasis added).

Finally, Baker cites "Document 39-3"—an 86-page document—without identifying a specific page "as evidence in support of her claims." Pl.'s Br. at 2 (ECF No. 40-1). Generally, it is "wholly insufficient for a party to cite to the record in the most skeletal way, leaving the Court to conduct an open-ended review of each cited document to determine whether it might contain evidence supporting the party's arguments." *Wimberley v. Beast Energy Servs., Inc.,* 2022 WL 658717, at *12 (S.D. Tex. Mar. 4, 2022), *adopted by* 2022 WL 836427 (S.D. Tex. Mar. 21, 2022); *see also Ragas v. Tenn. Gas Pipeline,* 136 F.3d 455, 458 (5th Cir. 1998) ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports . . . [her] claim. Rule 56 does not impose upon the district court a duty to sift through the

record in search of evidence to support a party's opposition to summary judgment.") (cleaned up). Even still, upon the Court's review, Document 39-3 largely contains documents from a lawsuit Baker filed against her former employer (282–309) and notices of amendments to her EEO complaint (310–17). It does not contain any evidence that Baker reported *sexual harassment* or that the VA knew or should have known of any *sexual* harassment before July 2021.

In sum, Baker identified no evidence that the VA knew or should have known of any sexual harassment and failed to take prompt remedial action. Therefore, Baker failed to adduce evidence creating a genuine issue of material fact on an essential element of her hostile work environment claim, and the VA is entitled to summary judgment on this claim.

### *Retaliatory Hostile Work Environment*

Although the VA interprets Baker's Complaint to assert a claim for "retaliatory hostile work environment," the Fifth Circuit has declined to expressly recognize such a cause of action. *Minor v. Uni. of Tex. Sw. Med. Ctr.*, 2013 WL 3477223, at *6 (N.D. Tex. July 10, 2013) (Fish, J.) (citing *Fallon v. Potter*, 277 Fed. App'x 422, 424 & n.3 (5th Cir. 2008) and *Bryan v. Chertoff*, 217 Fed. App'x 289, 293 (5th Cir. 2007)). "In the instances in which the cause of action was presented, the Fifth Circuit declined to reach the issue whether it recognizes the validity of the cause, itself, and each time found the plaintiff failed to establish a *prima facie* case of retaliatory hostile work environment, even if such a claim existed." *McClure-Soto v. Bexar Cnty.*, 2022 WL 180279, at *8 (W.D. Tex. Jan. 18, 2022) (collecting

cases). "Recognizing this lack of clarity, trial courts have granted summary judgment on a retaliatory hostile work environment cause of action because the Fifth Circuit does not officially recognize the cause of action." *Green v. McDonough*, 2022 WL 17330852, at \*4 (W.D. Tex. Nov. 28, 2022) (citing *Minor*, 2013 WL 3477223, at \*11).

Even if a claim for a retaliatory hostile work environment is cognizable and Baker attempted to assert such a claim in her Complaint, she abandoned this claim by failing to defend it in her response to the VA's Motion. *Shed*, 2022 WL 4389716, at \*2. Specifically, the VA argues Baker's claim fails because she failed to adduce evidence that she endured unwelcome harassment based on her protected activity—reporting sexual harassment—or that the harassment was severe or pervasive. Def.'s Br. at 24 (ECF No. 38). Baker completely fails to respond to this argument. She points to no evidence that she experienced unwelcome harassment because she reported sexual harassment—rather than harassment on some other basis. *See Obondi v. UT Sw. Med. Ctr.*, 2017 WL 2729965, at \*13 (N.D. Tex. June 23, 2017) (Boyle, J.) ("The Fifth Circuit has made plain that 'a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute a protected activity.' As a result, internal complaints of discrimination or harassment in general are insufficient; an employee must instead protest a specific form of discrimination unlawful under Title VII.") (quoting *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015)). The VA is thus

12

entitled to summary judgment as to any retaliatory hostile work environment claim.

## *Retaliation*

To establish a prima facie case of unlawful retaliation, Baker must show (1) she engaged in activity protected by Title VII, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse employment action. *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996). If Baker establishes a prima facie case of retaliation, the burden shifts to the VA to proffer a legitimate, nonretaliatory reason for its actions. *Gorman v. Verizon Wireless Tex., LLC*, 753 F.3d 165, 171 (5th Cir. 2014). The VA need only articulate a lawful reason, regardless of its persuasiveness or credibility. *Bodenheimer v. PPG Indus.*, 5 F.3d 955, 958 (5th Cir. 1993).

If the VA meets this burden, Baker may still prevail by showing that the VA's reasons are pretext for retaliation. *Id.* "An employee seeking to show pretext must rebut each discrete reason proffered by the employer." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015) (citing *Jackson v. Watkins*, 619 F.3d 463, 467 (5th Cir. 2010)).

Here, the Court need not consider whether Baker established her prima facie case because she did not rebut the VA's legitimate, nonretaliatory reasons for the alleged adverse employment actions. *See Johnson v. Bd. of Supervisors of La. State Uni. and Mech. Coll.*, 90 F.4th 449, 461 (5th Cir. 2024) (declining to address arguments related to the plaintiff's prima facie case because "it is clear that

13

[plaintiff] fails under the third step of the *McDonnell Douglas* burden-shifting framework: [the employer] provided a legitimate, non-retaliatory reason . . . and [plaintiff] advances no evidence of pretext to create a genuine dispute").

Baker lists a litany of actions that she purports were retaliation for reporting sexual harassment, including a "100 percent" increase in her workload, "aggressive" behavior directed towards her, being instructed to change her work attire, being charged with absent without leave (AWOL) and leave without pay (LWOP) status, auditing of her work product, withholding of her performance award, denying her requests for FMLA leave and requests to telework, allowing her alleged harasser to intimidate her, selecting another candidate for the Medical Support Assistant Supervisor position, cancelling overtime, and general scrutiny. *See generally* Compl. (ECF No. 3).

In response, the VA asserts many legitimate, nonretaliatory reasons for these actions which are all supported by evidence. *See* Def.'s Br. at 29–32 (ECF No. 38). For example, the VA contends: any alleged increase in Baker's workload "is controlled by the needs of the hospital on any given day"; Baker's request for telework was denied by the VA's Reasonable Accommodation Coordinator because her request "was not based on a disability"; Baker's FMLA request was denied because she failed "to provide the necessary medical paperwork to support her claims"; the VA investigated Baker's complaints about Williams which "did not substantiate Baker's allegations"; Baker was charged with LWOP because "she had exhausted all of her accrued leave"; Baker was not selected for the supervisor

position because she "did not score at or near the highest rating for the position";

Baker was not allowed overtime because she did not work in regular tour of duty;

and Baker was charged with AWOL because she did not return to work when her

physician's note indicated. *See id.* And the VA offers sworn testimony from Baker's

supervisors, including Joseph Washington and Cynthia Lohner, supporting these

legitimate, nonretaliatory reasons. *See* Def.'s App. at 1–4 (declaration of Joseph

Washington), 14–16 (declaration of Cynthia Lohner) (ECF No. 39-1).

In response, Baker simply states that she "maintains she faced

discrimination in the aftermath of reporting harassment by a team lead and

endured a hostile work environment." Pl.'s Br. at 2, ¶ 4 (ECF No. 40-1). But

Plaintiff's conclusory, unadorned statement that she was retaliated against and

experienced harassment is not enough to overcome the VA's legitimate,

nonretaliatory reasons. *See Martin v. Waring Investments Inc.*, 323 F. App'x 313,

317 (5th Cir. 2009) (per curiam) ("[The plaintiff] provides only conclusory

allegations and unsubstantiated assertions, which are not sufficient to defeat a

motion for summary judgment."); *Ragas*, 136 F.3d at 458 ("A party opposing such

a summary judgment motion may not rest upon mere allegations contained in the

pleadings, but must set forth and support by summary judgment evidence *specific

facts* showing the existence of a genuine issue for trial.") (emphasis added) (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986)).

Again, Baker relies on the same three pieces of evidence to support her claim

of retaliation. But none of these pieces of evidence rebut the VA's legitimate,

nonretaliatory reasons. Neither Billiard-Lewis's statement that she witnessed Williams "harassing [ ] and threatening" Baker, Def.'s App. at 51 (ECF No. 39-1), nor the Fact Finding Report Form that concludes that "there seems to be some harassment and hostile work environment issues that need [to be] addressed," Def.'s App. at 130 (ECF No. 39-2), have anything to do with the VA's legitimate, nonretaliatory reasons for the alleged adverse actions. And Document 39-3 actually supports the VA's legitimate, nonretaliatory reasons. *See* Def.'s App. at 327 (explaining that Baker was charged with leave without pay because she exhausted her leave; she was not awarded the supervisor position because she "ranked 6th ou[t] of 9 people" and "had no previous VA supervisory or [l]ead experience"; and she was not awarded overtime because she was on leave); 330 (explaining that Baker's request for telework was denied because she "did not complete her part . . . so the case was eventually closed after several attempts were made . . . to obtain the required documents from her"); 357 (explaining that Baker had been AWOL "with no call for approximately 2 months").

Baker's response makes no attempt to rebut any of the VA's legitimate, nonretaliatory reasons or show how the VA's purported reasons are merely pretextual. "[F]ailure to rebut nondiscriminatory alternatives is fatal to her employment discrimination claim." *Cutrer v. Tarrant Cnty. Workforce Dev. Bd.,* *2020 WL 6504569, at \*4 (N.D. Tex. Nov. 5, 2020)* (O'Connor, J.) (citing *Burton,* 798 F.3d at 240); *Dalton v. Kroger Tex. L.P., 2025 WL 1552810, at \*5–6 (E.D. Tex. May 16, 2025)* (granting summary judgment for employer because plaintiff "made

16

no attempt to rebut [the employer's] legitimate reason for her termination," but asserted that her termination was "retaliatory in nature"). Therefore, even if Baker could establish a prima facie retaliation case, she failed to raise a genuine dispute of material fact in her response to the VA's motion for summary judgment by failing to rebut the VA's legitimate, nonretaliatory reasons.

## *Recommendation*

For the reasons stated, the District Judge should **GRANT** Defendant's Motion for Summary Judgment (ECF No. 37) and dismiss Baker's sex discrimination, retaliatory hostile work environment, and retaliation claims with prejudice.

**SO RECOMMENDED.**

March 2, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

17

## <u>INSTRUCTIONS FOR SERVICE AND</u><br><u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

18